Geraldine **PIVA**, Administratrix of the Estate of Francis A. Doucette

v.

**GENERAL FOODS CORPORATION.**

Geraldine **PIVA**, Administratrix of the Estate of Francis A. Doucette,

v.

**THE TRAWLER DORCHESTER, Inc.**

Civ. A. Nos. 54–366, 54–367.

United States District Court
D. Massachusetts.

Nov. 23, 1955.

Joseph Schneider, Boston, Mass., for plaintiff.

Thomas H. Walsh, Leo Glynn, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is plaintiff's motion under Fed. Rules Civ.Proc. rule 42(a), 28 U.S.C.A., to consolidate two actions for trial. In both the plaintiff sues as administratrix of the estate of her late husband. In the one she sues the owner of the vessel on which he was employed at the time of his death. In the other she sues the owner of the dock where the vessel was tied up. The shipowner objects to consolidation.

Plaintiff's intestate, returning to his ship, fell into the water and was drowned because of an allegedly defective ladder on the dock. Plaintiff sues the vessel owner under the Jones Act, 46 U.S.C.A. § 688, for negligence in not providing safe access, and sues the dock owner under the Maine death statute. R.S.Maine 1954, c. 165, §§ 9–11. Admittedly the primary factual situation is the same in both cases. If the seaman was a business invitee, and not a mere licensee on the dock, the standard of due care would be similar in both cases. Here comparison ceases. Different persons' due care would be involved. Then, under the Maine statute there is a maximum recovery, and contributory negligence is a complete bar, while under the Jones Act there is no limit to recovery, and contributory negligence only reduces damages proportionately. While doubt-

less the court could in theory explain these differences to a jury and allow it to decide both cases together, I think there would be difficulty in so doing. I believe there would be even greater difficulty in expecting the jury to follow these instructions. The shipowner fears that the jury might find it liable simply because the alternative of the Maine death statute, to Massachusetts eyes, might seem over-restricted. The plaintiff, on the other hand, says that if she were to try the cases separately, each jury might find no recovery, on the assumption the liability was on the defendant who was not in court. While that is possible, it seems to me a more likely danger is that if the cases were tried together, the jury, as soon as it had eliminated one defendant, might find such elimination all that was needed to decide against the other, although it is perfectly possible that neither defendant is liable.

Much as I would prefer to try the cases together in the interests of saving time and expense, I feel that as a matter of discretion I should deny the motion.